IN THE FEDERAL COURT OF THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DUSTIN RIGGIO, INDIVIDUALLY, AND IN
HIS REPRESENTATIVE CAPACITY
AS ADMINISTRATOR OF THE ESTATE
OF KIM MILLS, DECEASED, AND ON
BEHALF OF ALL WRONGFUL DEATH
BENEFICARIES OF KIM MILLS, DECEASED                   PLAINTIFFS

VS.                          CIVIL ACTION NO: 1:18-cv-218-LG-RHW

ISRAEL PRUNEDA, SMC TRANSPORT LLC,
WERNER ENTERPRISES, INC.,
AND JOHN DOES 1-5                                      DEFENDANT

## COMPLAINT

### JURY TRIAL DEMANDED

Plaintiff, Dustin Riggio, individually, and in his representative capacity as Administrator of the Estate of Kim Mills, Deceased, and on Behalf of all wrongful death beneficiaries of Kim Mills, Deceased and file this Complaint against Defendants Israel Pruneda, SMC Transport LLC, Werner Enterprises, Inc, and John Does 1-5, and demands a jury trial for the following reasons:

### I.   INTRODUCTION

1. This is a Complaint for wrongful death, and negligence in a car crash and for recovery of monetary damages for the personal injuries sustained by Kim Mills, deceased ("Ms. Mills") and the damages suffered by her wrongful death beneficiaries as a result of the conduct of the Defendants.

### II.   PARTIES

2. Plaintiff, Dustin Riggio is a resident citizen of Louisiana, and can be found at 518 Esteban St., Arabi, LA 70032. Mr. Riggio sues individually, and in his

representative capacity on behalf of Ms. Mills' wrongful death beneficiaries and the Estate of Kim Mills.

3. The only wrongful death beneficiaries of Kim Mills are Victoria Besch, Dustin Riggio, Chad Young, Arthur Brian Dejean, and Tyler DeJean who are the children of Kim Mills. Ms. Mills was unmarried at the time of her death.

4. Defendant Israel Pruneda, is an adult resident citizen of Montgomery County, TX and can be reached with service of process at 27025 Lavoca Trail, Magnolia TX or wherever he may be found.

5. Defendant SMC Transport LLC, is a nonresident Limited Liability Company with a principal place of business at 805 America St., Weslaco, TX 78596 and can be reached with service of process by serving the registered agent Sergio Cuellar at 2309 Largo St., Weslaco, TX 78596.

6. Defendant, Werner Enterprises, Inc., is a nonresident domestic corporation, with a principle place of business at 14507 Frontier Road, Omaha, Nebraska and can be reached with service of process by serving the registered agent Nathan Meisgeier, at 14507 Frontier Road, Omaha, NE 68138.

7. The Defendants, Unknown John and Jane Does, identities are not known to the Plaintiffs at this time. They include any and all other parties who by their actions or inactions have caused the damages complained of in this Complaint. The true identities and the identities of others are unknown at this time, it is further believed that their true and accurate identities will become known and at that time the Plaintiffs will seek leave of this Honorable Court to Amend this their Complaint and to specifically name the

unknown persons as Defendants in this action and serve them with process for their part in the injuries inflicted on Kim Mills.

### III. JURISDICTION AND VENUE

8. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and (b) and 28 U. S. C. § 1332(d)(11). The plaintiff and all of the defendants are citizens of different states. The amount in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs, for the Plaintiff.

9. This Court has jurisdiction over the Defendants because they conduct business in the State of Mississippi.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2) and (b)(2), because the Plaintiffs' injuries occurred in this district and division.

### IV. FACTS

11. Kim Mills was born in 1964 and died due to injuries sustained in a motor vehicle crash on October 3, 2017.

12. Ms. Kim Mills was traveling on I-59 N on October 3, 2017 near Picayune, MS.

13. Ms. Kim Mills was traveling home from work at the time of the wreck.

14. Ms. Mills was driving a 2011 Toyota Prius at the time of the wreck.

15. Ms. Mills was in the right lane of I-59 North, abiding by the Rules of the Road, keeping a proper lookout, obeying the law, and driving properly.

16. An 18-wheeler being driven by Israel Pruneda was also in the right hand lane of I-59 North.

17. At all times material hereto the Defendant Israel Pruneda was an employee of SMC Transport LLC, and was operating within in the course and scope of his employment with SMC Transport LLC.

18. SMC Transport LLC hired Israel Pruneda prior to the subject wreck and booked him for this trip in this vehicle.

19. At the time surrounding the crash Defendant Pruneda was driving an 18-wheeler and/or trailer maintained, owned, brokered and/or scheduled by defendants SMC Transport LLC, Werner Enterprises, Inc. and/or John Does 1-5.

20. The 18-wheeler hauled a trailer bearing the logo of Werner Enterprises, Inc.

21. This 18-wheeler driven by Israel Pruneda either slowed dramatically or stopped in the roadway of I-59 North creating a road hazard and a danger immediately prior to this wreck.

22. On information and belief, the vehicle driven by Israel Pruneda was not appropriately conspicuous, did not utilize safety triangles, or emergency flashers immediately prior to the subject wreck.

23. Israel Pruneda in stopping his vehicle or traveling so slow as to cause a road hazard, put the drivers around him in imminent danger.

24. The trailer hauled by Israel Pruneda was owned and/or maintained by Werner Enterprises, Inc.

25. Werner Enterprises, Inc., SMC Transport LLC and Pruneda exercised control over, outfitted, and repaired the subject trailer at all pertinent times in this claim.

26. This subject trailer did not have adequate safeguards to prevent vehicle-underrun, and did not have appropriate conspicuity reflectors.

27. The rear crash guard in place was improperly installed, ineffectively inspected, and improperly maintained by Werner Enterprises causing the rear guard to fail on impact, causing injury, additional injury, additional unnecessary damage, and death.

28. Kim Mills collided with the 18-wheeler driven by Israel Pruneda in the right hand lane I-59 North.

29. The rear crash guard, failed upon impact causing additional injury, damages and the death to Ms. Mills.

30. As a direct and proximate result of the combined negligence of the Defendants and employee(s) of the Defendants Kim Mills sustained severe physical and resulting emotional injury and ultimately perished.

31. At all times pertinent hereto, the Defendants were under a duty to the public, in general, and to the decedent in particular, to:

    A. operate the vehicle in a safe and prudent manner, having due regard for decedent, as well as the safety of others, and in such a way as to refrain from causing a wreck or creating an immediate hazard on the roadway;

    B. to make sure the truck and trailer were inspected, maintained, and the brakes, lighting systems, reflectors, emergency cones, rear crash guards were in place, in good repair, and functioning properly;

  C. to properly hire, supervise and train its drivers;

  D. to comply with State and Federal law, and applicable rules of the road for the trip in question, strict compliance was mandatory;

  E. to make sure the Federal Motor Vehicle Safety regulations were being complied with.

32. The Defendants breached these duties by recklessly or negligently operating the vehicle and trailer in violation of the Rules of the Road in Mississippi creating an immediate hazard in the roadway, failing in their hiring training or entrustment of the commercial driver in their employ, failing to provide adequate safety equipment on their vehicle or trailer, failing to abide by the Federal Motor Vehicle Carrier Safety Regulations, failing to abide by state law, failing to properly maintain their equipment, negligently entrusting the equipment to an unqualified or dangerous driver which proximately caused the collision whereby Kim Mills suffered serious personal injuries and perished.

33. Defendants breached their duty to comply with same which led to foreseeable consequence of the subject crash and said Defendants acted in noncompliance with said regulations post-crash.

## V. CLAIMS FOR RELIEF

**NEGLIGENCE OF ISRAEL PRUNEDA, SMC TRANSPORT LLC, WERNER ENTERPRISES, INC, AND/OR JOHN DOE DEFENDANTS**

34. Plaintiffs reallege and incorporate herein by reference the above and foregoing paragraphs 1 through 33.

35. Defendants owed a duty to maintain and operate the vehicle in a safe and reasonable manner under the circumstances. Defendants breached their duty toward the Plaintiffs by:

    a. failing to keep a proper lookout, thereby endangering the safety of the Plaintiff and the public;

    b. driving the aforesaid vehicle in an unsafe manner;

    c. failing to anticipate and avoid foreseeable circumstances;

    d. failing to keep their vehicles under proper control;

    e. failing to follow the Rules of the Road in Mississippi;

    f. blocking a lane of traffic and causing an imminent danger;

    g, failing operate the vehicle in a safe and prudent manner, having due regard for decedent, as well as the safety of others, and in such a way as to refrain from causing a wreck or creating an immediate hazard on the roadway;

    h. failing to make sure the truck and trailer were inspected, maintained, and the brakes, lighting systems, reflectors, emergency cones, rear crash guards were in place, in good repair, and functioning properly;

    i. failing to properly hire, broker, supervise and train its drivers;

    j, to comply with State and Federal law, and applicable rules of the road for the trip in question, strict compliance was mandatory;

    k. failing to make sure the Federal Motor Vehicle Safety regulations were being complied with;

  h. negligent upkeep of the vehicle and trailer involved in the wreck;

  i. failure to warn of known of constructively known dangers;

  j. failure to keep a proper lookout and take proper driving actions at the appropriate time(s); and

  k. in other respects as will be shown at the trial of this cause.

36. By reason of the Defendants' negligence, and as a direct and proximate result thereof, Plaintiff was injured, suffered bodily harm and wrongfully perished.

## VI. DAMAGES AND PUNITIVE DAMAGES

37. Plaintiffs reallege and incorporate herein by reference the above and foregoing paragraphs 1 through 36.

38. As a direct and proximate result of the aforementioned negligence, the Defendants are liable under Mississippi law to the Plaintiffs and the decedent for her injuries, damages and wrongful death, including but not limited to the following:

(a) funeral and related medical expenses;

(b) pain and suffering;

(c) future loss of wages;

(d) emotional distress and mental anguish;

(e) Pre-judgment and post-judgment interest;

(f) Economic damages;

(g) Out-of-pocket expenses;

(h) Loss of enjoyment of life;

(i) Death; and

(j) All injuries and damages shown by the evidence introduced in this case.

39. Plaintiffs request damages for physical pain and suffering and mental anguish against Defendants in an amount sufficient to fully compensate for Ms. Mills' injuries that were caused by Defendants and/or their employees and/or that the Estate of Ms. Kim Mills and the wrongful death beneficiaries would be entitled to.

40. Plaintiffs request all wrongful death damages that Ms. Mills' wrongful death beneficiaries are entitled to recover including but not limited to funeral bills and burial expenses, loss of society and companionship and all other wrongful death damages that the beneficiaries are entitled to recover.

41. Plaintiffs request any other actual, compensatory, consequential, incidental, and other damages to which Ms. Kim Mills and/or her wrongful death beneficiaries are entitled to recover, including actual and punitive damages for Defendants' gross negligence and/or willful or wanton conduct.

42. Defendants were willful, wanton, or reckless in their conduct which caused or contributed to the wreck by failing to ensure the subject vehicle was properly maintained, had adequate safety features, and negligently driving blocking avenues of escape and causing an imminent hazard in the roadway.

43. Each defendant exhibited reckless indifference and gross negligence in their actions in and immediately before the subject crash.

44. The Defendants knew or should have known inattention to safety devices, driving the vehicle in an unsafe manner, and failure to abide by the Rules of the Road constitute reckless endangerment and gross negligence and would lead to Plaintiffs' decedent's injuries and death.

45. Defendants' breach of the aforementioned duties led to the foreseeable crash which was the proximate cause of the injuries, suffering and damages to Ms. Kim Mills.

46. Defendants actions/inactions were willful, wanton, grossly negligent and exhibited a reckless disregard for Ms. Kim Mills' safety and those similarly situated.

47. Plaintiffs request attorneys' fees, costs, expenses, pre-judgment and post judgment interest allowed by law and any other relief deemed appropriate by the Court.

48. Plaintiffs seek to recover damages for the value of Ms. Kim Mills' vehicle and loss of use of her vehicle that was destroyed in the subject crash, that the Estate of Ms. Kim Mills and the wrongful death beneficiaries would have been entitled to.

49. Plaintiffs seek to recover damages for the value of Ms. Kim Mills' personal belongings and cash that were destroyed in the subject crash that the Estate of Ms. Kim Mills and the wrongful death beneficiaries would have been entitled to.

**WHEREFORE,** Plaintiffs request a trial and that they be awarded all damages recoverable to the Estate of Ms. Kim Mills and all damages allowable to the wrongful death beneficiaries under Mississippi Law and any and all other legal and/or equitable relief the evidence would show and a jury will allow.

This the 21st day of June, 2018

Respectfully Submitted,

**DUSTIN RIGGIO, INDIVIDUALLY, AND IN HIS REPRESENTATIVE CAPACITY AS ADMINISTRATOR OF THE ESTATE OF KIM MILLS, DECEASED, AND ON BEHALF OF ALL WRONGFUL DEATH BENEFICARIES OF KIM MILLS, DECEASED**

By His Attorney:

__/s Baskin L. Jones_____
BASKIN L. JONES, ESQ.

OF COUNSEL:

BASKIN L. JONES, ESQ. (MSB #103589)
JONES LAW, P.A.
Street: 622 Duling Avenue - Suite 220
Mail: 631 Seneca Avenue
Jackson, MS 39216
(601) 272-2406 (Telephone)