# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**DUSTIN RIGGIO, individually, and in his representative capacity as Administrator of the Estate of Kim Mills, deceased, and on behalf of all wrongful death beneficiaries of Kim Mills, deceased**     **PLAINTIFF**

v.     CAUSE NO. 1:18CV218-LG-RHW

**ISREAL PRUNEDA; SMC TRANSPORT LLC; WERNER ENTERPRISES, INC.; and JOHN DOES 1-5**     **DEFENDANTS**

## ORDER DENYING DEFENDANTS' MOTION TO EXCLUDE AND/OR LIMIT THE OPINIONS AND TESTIMONY OF DR. GEORGE H. CARTER

BEFORE THE COURT is the [170] Motion to Exclude and/or Limit the Opinions and Testimony of Dr. George H. Carter, filed by Defendants Israel Pruneda and SMC Transport, LLC. Defendants seek to prevent economist Dr. Carter from giving testimony about the value of decedent's household services or fringe and entitlement benefits. The Motion has been fully briefed. After due consideration, the Court finds that the Motion should be denied.

## DISCUSSION

The admission of expert testimony is governed by Federal Rule of Evidence 702, which states,

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts

or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

The Supreme Court in *Daubert* adopted a non-exhaustive, illustrative list of reliability factors for determining the admissibility of expert witness testimony. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-94 (1993). The applicability of these factors depends on the nature of the issue, the expert's particular expertise, and the subject of the testimony. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 151 (1999). "[T]here is no requirement that an economist meet each and every factor in order to be found reliable." *Mata v. Lowe's Home Ctrs., Inc* ., No. SA-04-CA-0691 WWJ, 2006 WL 5159392, at * 3 (W.D. Tex. Feb. 9, 2006) (citing *Kumho*, 526 U.S. at 158).

**1. Household Services**

Dr. Carter stated that the "Scenario Valued" in this case was, "[i]f not for death, Kim Mills would have worked as an activities coordinator, or in a similar occupation, for her work life expectancy. Ms. Mills would have maintained a household for herself for her life expectancy." (Def. Mot. Ex. B, at 1, ECF No. 170-2.) He explained that "[h]ousehold service losses represent the value of replacing the previously uncompensated activities necessary for daily life." (*Id.* at 5.) He noted that Mills' adult children lived in her household, and in the absence of a table for her living arrangement calculated the value of her services to her household by using the "most conservative single women tables." (*Id.* at 16.)

Defendants object that Dr. Carter's opinion regarding the value of decedent's household services lacks factual support because he relied on *The Dollar Value of a Day: 2017 Dollar Valuation* to arrive at an estimate rather than calculating a value based on the household services Mills actually provided. A number of courts have noted that the publication relied on by Dr. Carter is one generally used by economists to value household services. For example, in ruling on a similar challenge to Dr. Carter's testimony in a wrongful death case, the Desoto County Circuit Court wrote:

> With regard to household services, as opposed to actual employment, the total time spent by a person on those services during an average week is not measured by a time-clock. The services performed by one member of the home, and/or the time spent performing the same, may go unnoticed or simply unmeasured by another member of the household. Accordingly, many economists commonly rely on studies which estimate the time spent on household services, taking into account the size of the family, whether each family member works, their age, etc. – one such study being *The Dollar Value of the Day: 2007 Dollar Valuation*, Shawnee Mission, Kansas, 2011.

*Aguero v. Gayoso*, No. CV20090309, 2013 WL 7020461, at *3 (Cir. Ct. Desoto Cty., Miss. Sept. 4, 2013).

Federal district courts have also accepted the use of this publication to value household services. *See Dallas v. Premier Vehicle Transp., Inc.*, No. 1:16CV358-LG-RHW, 2017 WL 3623750, at *3 (S.D. Miss. Aug. 23, 2017); *Ashford v. Wal-Mart Stores, LP*, No. 1:11-CV-57-HSO-JMR, 2013 WL 152853, at *5 (S.D. Miss. Jan. 15, 2013); *but see Ellis v. Kovalchuk*, No. 3:12-cv-498-HTW-LRA, at 8-9 (S.D. Miss. Sept. 30, 2014) (reliance on *The Dollar Value of a Day* instead of specific information about household services provided rendered Dr. Carter's valuation

- 3 -

inadmissible *ipse dixit*).  In the Court's view, Defendants' objection to Dr. Carter's household services valuation testimony affects the weight to be assigned to his testimony, and not its admissibility.  *See Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987) ("As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration.").  "[I]t is for the jury to determine whether Plaintiffs have offered a non-speculative factual basis for these damages."  *South v. Austin*, No. 3:15CV342-DPJ-FKB, 2016 WL 7209554, at *1 (S.D. Miss. Dec. 12, 2016).  Dr. Carter will be allowed to testify about the value of the alleged loss of household services.

### 2. Fringe Benefits and Entitlements

Defendants object to Dr. Carter's inclusion of 1) employer entitlement benefits for Social Security and Medicare, and 2) typical employer-provided fringe benefits.  Defendants argue that Dr. Carter has assumed that Mills received these benefits, but his assumption is completely unsupported by any information provided by Plaintiffs.  However, Dr. Carter's report notes that Mills' employer reported income on Form W-2. (Def. Mot. Ex. B, at 11, 14, ECF No. 170-2.)  He states that this form "documents that [Mills] was provided legally-required benefits," including Social Security, Medicare, unemployment compensation, and workers compensation benefits.[1]  (*Id.*).  Dr. Carter's valuation of these benefits therefore appears to have

---

[1]  Dr. Carter also noted that the Form W-2 showed no evidence that Mills received the legally required fringe benefit of health insurance.

been properly based on evidence that they had been actually received instead of a mere assumption. *Rebelwood Apartments RP, LP v. English*, 48 So. 3d 483, 496-97 (Miss. 2010) ("Fringe benefits must not be added unless they actually have been received."). Dr. Carter will be allowed to testify about the value of alleged lost fringe benefits and entitlements.

## CONCLUSION

The Court is satisfied that Dr. Carter's testimony meets the admissibility criteria established by the Federal Rule of Evidence 702 and *Daubert*. The Defendants' Motion will be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [170] Motion to Exclude and/or Limit the Opinions and Testimony of Dr. George H. Carter, filed by Defendants Israel Pruneda and SMC Transport, LLC, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 12th day of December, 2019.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE