# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| DUSTIN RIGGIO, individually, and in his representative capacity as Administrator of the Estate of Kim Mills, deceased, and on behalf of all wrongful death beneficiaries of Kim Mills, deceased | PLAINTIFF |
| v. | CAUSE NO. 1:18CV218-LG-RHW |
| ISREAL PRUNEDA; SMC TRANSPORT LLC; WERNER ENTERPRISES, INC.; and JOHN DOES 1-5 | DEFENDANTS |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' UNTIMELY EXPERT DISCLOSURES

BEFORE THE COURT is the [173] Motion to Strike Plaintiffs' Untimely Expert Disclosures, filed by Defendants Israel Pruneda and SMC Transport, LLC. Defendants contend that supplemental disclosures submitted by experts Fred Hanscom, Robert Kelly, and Dr. Jerry Householder[1] were untimely and should be stricken. The Motion has been fully briefed, and after due consideration, the Court finds that it should be granted as to Robert Kelly's supplemental report and denied in all other respects.

## ANALYSIS

"A party must make [expert] disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Local Rule 26 provides that a

---

[1] Plaintiffs informed the Court that they will not call Dr. Householder as a witness. The Motion is therefore be denied as moot in regard to Dr. Householder.

"party must make full and complete disclosures as required by Fed. R. Civ. P. 26(a) and L.U. Civ. R. 26(a)(2)(D) no later than the time specified in the case management order." L.U. Civ. R. 26(a)(2). However, "[t]he parties must supplement these disclosures when required under Rule 26(e)." Fed. R. Civ. P. 26(a)(2)(E). Pursuant to the Local Rules, "[a] party is under a duty to supplement disclosures at appropriate intervals under Fed. R. Civ. P. 26(e) and in no event later than the discovery deadline established by the case management order." L.U. Civ. R. 26(a)(5). The Federal Rules also provide for rebuttal reports: "if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)" then the rebuttal report is due "within 30 days after the other party's disclosure." Fed. R. Civ. P. 26(a)(2)(D).

Rule 37 provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). To determine whether to exclude an expert that was not properly and timely designated, the Court considers the following factors:

(1) the importance of the witnesses' testimony;

(2) the prejudice to the opposing party of allowing the witness to testify;

(3) the possibility of curing such prejudice by a continuance; and

(4) the explanation, if any, for the party's failure to comply with the discovery order.

*Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 572 (5th Cir. 1996); *see also Reliance Ins. Co. v. Louisiana Land and Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)).

The Defendants object to untimeliness of reports provided by two otherwise properly designated experts: 1) Hanscom's May 6, 2019 supplemental report, and 2) Kelly's May 29, 2019 supplemental report. The Case Management Order in this case established a discovery deadline of June 18, 2019. (ECF No. 26.) Since both Hanscom's and Kelly's supplemental reports were provided prior to expiration of the discovery deadline, they were not untimely if truly supplemental. *See* L.U. Civ. R. 26(a)(5). However, Defendants contend that both Hanscom and Kelly offered new, previously undisclosed opinions in their supplemental reports, making them simply untimely opinions that should be stricken.

Rule 26(e)(1)(A) allows a party to supplement when it "learns that in some material respect the disclosure or response is incomplete or incorrect." "As a general rule, '[a] supplemental disclosure under Rule 26(e)(1)(A) is timely if it is made as soon as possible' after the party learns of the deficiency." *Dykes v. Cleveland Nursing & Rehab. Ctr.*, No. 4:15-CV-76-DMB-JMV, 2018 WL 3058870, at *4 (N.D. Miss. June 20, 2018) (citations omitted). Nevertheless, "the rule is not a basis to make material additions to an initial report." *Thang Quoc Pham v. Tyson Farms, Inc.*, No. 3:17-CV-125-DPJ-FKB, 2018 WL 4178029, at *9 (S.D. Miss. Aug. 30, 2018).

### 1. Hanscom's Supplemental Report

Plaintiff argues that Hanscom's report "primarily addresses the second report issued by [Defendants' expert] and addresses criticisms contained in their supplemental report." (Pl. Resp. Werner Mot. 6, ECF No. 204.) Additionally, Hanscom incorporated deposition testimony from eyewitnesses, "which Hanscom represented in his first report that he would be receiving and reviewing." (*Id.*). Plaintiff describes a hybrid rebuttal/supplemental report. If classified as a rebuttal, the report is timely, since it was provided within thirty days of the Defendants' expert's report.[2] It also appears to be timely if considered a supplemental report, given that Hanscom's original report was made in January 2019, the eyewitness depositions were taken in March, and Hanscom's supplemental report incorporating that testimony was provided prior to expiration of the June 18, 2019 discovery deadline. Therefore, the opinions expressed in Hanscom's supplemental report are not subject to exclusion on timeliness grounds.

### 2. Robert Kelly's Supplemental Report

Defendants' objections to Kelly's supplemental report are that it is not truly supplemental because it 1) includes opinions about an issue not previously disclosed or discussed (the Trailer Interchange Agreement between SMC Transport and

---

2 Federal Rule of Civil Procedure 26(a)(2)(D) requires that expert disclosures that are "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C) [must be made] within 30 days after the other party's disclosure." Hanscom's May 1, 2019 report was responding to an April 19, 2019 report by Defendants' expert. (*See* Mot. to Strike Ex. H, ECF No. 159-8.)

Werner); 2) includes analysis of Werner's maintenance records and business policies that were available at the time of Kelly's original report; and 3) includes new opinions about Pruneda's driving that Kelly is not qualified to testify about.

Plaintiff responds that in his supplemental report, Kelly "expanded" on previous commentary on the Trailer Interchange Agreement, withdrew opinions about Werner's maintenance and inspection practices, and reviewed the deposition testimony of eyewitnesses to provide "a more specific analysis of the crash." (Riggio Resp. Mem. 9, ECF No. 204.)  According to Plaintiff, this is supplementation and clarification of previous opinions.

Review of Kelly's original report does not show a mention or discussion of the Trailer Interchange Agreement.  The Court therefore concludes that Kelly included the issue as a new opinion in his supplemental report.  Kelly also provided new opinions about Werner's maintenance and inspection practices by withdrawing his earlier opinions that Werner did not perform proper maintenance and inspections.  The remaining objection to Kelly's supplemental report, that Kelly is not qualified to testify about Pruneda's driving, is in the nature of a *Daubert* challenge rather than a disclosure timing matter.

Kelly's new opinions are subject to being stricken pursuant to Federal Rule of Civil Procedure 37(c)(1).  *See Cooper v. Meritor, Inc.*, No. 4:16-CV-52-DMB-JMV, 2019 WL 545187, at *6-7 (N.D. Miss. Feb. 11, 2019). When determining whether to strike an expert's testimony for a party's failure to properly and timely disclose required information, the Court considers the following factors:

(1) the importance of the witnesses' testimony;

(2) the prejudice to the opposing party of allowing the witnesses to testify;

(3) the possibility of curing such prejudice by a continuance; and

(4) the explanation, if any, for the party's failure to comply with the discovery order.

*Sierra Club, Lone Star Chapter,* 73 F.3d at 572 (citing *Bradley v. United States*, 866 F.2d 120, 125 (5th Cir. 1989)).

Applying the factors, the Court assigns no importance to Kelly's testimony about the Trailer Interchange Agreement or Werner's maintenance and inspection practices. In its recent [241] Order Regarding Summary Judgment Motions, the Court rejected as not viable Plaintiff's argument that the accident would not have occurred if the parties had complied with the Trailer Interchange Agreement. (*See* Order at 16 n.5, ECF No. 241.) The Complaint does not include a Trailer Interchange Agreement claim. Defendants would be prejudiced if testimony regarding the Trailer Interchange Agreement was allowed, and a continuance would not cure the prejudice. Also, the Court has dismissed Plaintiff's claims against Werner, making testimony about Werner's inspection and maintenance practices irrelevant going forward. There is accordingly no longer a rationale for allowing Kelly to provide this opinion testimony, and Kelly has disclaimed the opinions Defendants object to in any event, rendering them unreliable. *See Accident Ins. Co. v. Classic Bldg. Design, LLC*, No. 2:11-cv-33, 2012 WL 3913090, at *13 (S.D. Miss. Sept. 7, 2012). Accordingly, Kelly's opinions regarding the Trailer

Interchange Agreement and Werner maintenance and inspection practices, contained in his supplemental report, will be stricken.

## CONCLUSION

The Defendants' Motion to Strike is granted as to Robert Kelly. Kelly will not be allowed to provide opinion testimony regarding the Trailer Interchange Agreement or Werner maintenance and inspection practices because the disclosure of these opinions was untimely. The Motion is denied as to Fred Hanscom and Dr. Jerry Householder.

**IT IS THEREFORE ORDERED AND ADJUDGED** that [173] Motion to Strike Plaintiffs' Untimely Expert Disclosures, filed by Defendants Israel Pruneda and SMC Transport, LLC, is **GRANTED IN PART AND DENIED IN PART** as set out above.

**SO ORDERED AND ADJUDGED** this the 12th day of December, 2019.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE