IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| DUSTIN RIGGIO, individually, and in his representative capacity as Administrator of the Estate of Kim Mills, deceased, and on behalf of all wrongful death beneficiaries of Kim Mills, deceased | PLAINTIFF |
| v. | CAUSE NO. 1:18CV218-LG-RHW |
| ISREAL PRUNEDA; SMC TRANSPORT LLC; WERNER ENTERPRISES, INC.; and JOHN DOES 1-5 | DEFENDANTS |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO EXCLUDE AND/OR LIMIT THE TESTIMONY OF PLAINTIFFS' EXPERTS DR. JERRY HOUSEHOLDER, ROBERT KELLY, AND FRED HANSCOM

BEFORE THE COURT is Defendants' [167] Motion to Exclude and/or Limit the Testimony of Plaintiffs' Experts Dr. Jerry Householder,[1] Robert Kelly, and Fred Hanscom. Defendants seek to exclude testimony from these experts concerning various aspects of this vehicle accident wrongful death case. The issues have been fully briefed.[2] After due consideration, the Court finds that the expert testimony meets *Daubert* requirements and should be allowed, except for one opinion expressed by Fred Hanscom. The Defendants' Motion is granted as to the one

---

[1] Plaintiffs informed the Court that they will not call Dr. Householder as an expert witness. The Motion is therefore denied as moot in regard to Dr. Householder.
[2] Both parties relied on briefs filed in connection with Werner Enterprises, Inc's similar motion. Accordingly, the Court has reviewed Plaintiffs' response memorandum [202] and the Defendants' reply memorandum [224] to Werner's

opinion of Fred Hanscom and denied in all other respects.

## BACKGROUND

This case concerns a vehicle accident in which the driver who rear-ended a tractor-trailer died from her injuries. The wrongful death plaintiffs engaged the following experts: 1) Dr. Jerry Householder, a civil engineer with an emphasis in construction engineering; 2) Robert Kelly, a transportation safety expert; and 3) Fred Hanscom, a human factors expert. Defendants object to the introduction of opinion testimony from these experts pursuant to Federal Rule of Evidence 702.

## DISCUSSION

Federal Rule of Evidence 702 provides for the admission of expert testimony that assists the trier of fact to understand the evidence or to determine a fact in issue. A court is charged with a "gatekeeping function" to ensure expert testimony is both reliable and relevant. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). Reliability is analyzed under Rule 702, which requires that: (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. FED. R. EVID. 702. "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Daubert*, 509 U.S. at 591.

---

motion in addition to Defendants' reply memorandum [226] to this Motion.

### 1. Robert Kelly

Kelly is a police officer in Kemah, Texas who is a federally certified commercial vehicle enforcement officer. He has provided "opinions and conclusions on the applicable F[ederal] M[otor] C[arrier] S[afety] R[egulations] and safety rules for SMC, Werner and Israel Pruneda Jr." (Pl. Mot. Ex. B at 3, ECF No. 167-2.) He concludes that SMC violated the FMCSR and its own policies in hiring Pruneda (*id.* at 18), and did not comply with certain employment practices set out in the FMCSR. (*Id.* at 19-23.) Kelly also concludes that Pruneda violated Mississippi statute by failing to either keep his speed above 40 miles per hour or stop at the weigh station, (*id.* at 23-24), and violated the FMCSR by failing to inspect the rear impact guard. (*Id.* at 28-29.) Defendants argue that Kelly is not qualified to give this expert opinion testimony under Rule 702, and his opinions are not reliable.

#### a) Qualifications

Whether Kelly is qualified to testify as an expert is a question of law. *Mathis v. Exxon Corp.*, 302 F.3d 448, 459 (5th Cir. 2002) (citing Fed. R. Evid. 104(a)). An expert may not "go beyond the scope of his expertise in giving his opinion." *Goodman v. Harris Cty.*, 571 F.3d 388, 399 (5th Cir. 2009). However, "Rule 702 does not mandate that an expert be highly qualified in order to testify about a given issue. Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility." *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009).

Defendants' objections to Kelly's qualifications are that 1) there is nothing in his background to suggest he is qualified to opine on FMCSR compliance issues; and 2) Kelly's deposition testimony demonstrates that he does not actually understand how the regulations are applied. Plaintiffs argue in response that "Kelly has received an education on multiple areas of trucking and transportation safety," citing several specific commercial driving courses. (Pls. Resp. Mem. to Werner Mot. to Exclude 14, ECF No. 202.) In the Court's view, this training adequately qualifies Kelly to testify about the FMCSR compliances issues presented by this case. Defendants' complaint that Kelly does not understand how the regulations are applied goes to whether Kelly's opinions are reliable rather than his qualifications.

b) Reliability

In addition to arguing that Kelly does not understand the FMCSR, Defendants contend that Kelly's supplemental report contradicts his original report in part. Specifically, after reviewing the maintenance records for the tractor-trailer, Kelly retracted his previous opinions that it had been insufficiently maintained and that the alleged negligent maintenance caused the bolts to fall out of the rear impact guard. Defendants fault Kelly for failing to review the maintenance records prior to writing his original report, and argue that this demonstrates that Kelly's opinions are not based on sufficient facts or the product of reliable principles and methods. Defendants' objections to Kelly's opinions are that he has reached incorrect conclusions and failed to review important data. Both

objections implicate the weight, rather than admissibility of Kelly's opinions. *See Bryant v. 3M Co.*, 78 F. Supp. 3d 626, 630 (S.D. Miss. 2015 ("[T]he Court should focus solely on the proposed expert's 'principles and methodology, not on the conclusions that they generate.'") (quoting *Daubert*, 509 U.S. at 595); *Gulf Restoration Network v. Oscar Renda Contracting, Inc.*, No. 1:17CV130-LG-RHW, 2018 WL 6579171, at *2 (S.D. Miss. Dec. 13, 2018) ("[E]xpert opinions which overlook certain data are not typically excluded on that basis."). Defendants may explore any weakness in the way Kelly formed his opinions and conclusions during cross examination. *See Dearmond v. Wal-Mart La. LLC*, 335 F. App'x 442, 444 (5th Cir. 2009) ("Cross-examination at trial . . . is the proper forum for discrediting testimony, and credibility determinations are, of course, the province of [the fact finder].").

### 3. Fred Hanscom

Hanscom is a "human factors expert" designated as a rebuttal witness who provided driver response time calculations for the various truck speed scenarios presented by the evidence. Defendants argue that in his supplemental report, Hanscom stated that the truck-speed scenarios analyzed in his initial report are unsubstantiated. Defendants conclude that Hanscom should not be allowed to testify to those opinions at trial. This is a challenge to the reliability of Hanscom's opinions.

There is a series of back-and-forth expert reports between Hanscom and

Messerschmidt Safety Consultants, each criticizing the other's assumptions and calculations.  (*See* Defs. Mot. Exs. H-K, ECF Nos. 167-13, 167-14, 167-15, 167-16.) Fundamentally, Hanscom believes the evidence shows that the tractor-trailer was stopped or moving at a very slow speed at the time of the impact and Mills could not have avoided the collision.  The Messerschmidt consultant believed the evidence showed the tractor-trailer had slowed and Mills had ample time to adjust her speed to avoid the collision.  The Court does not find where Hanscom stated that his own scenarios are unsubstantiated, and Defendants have not explained their assertion that he did.  He continues to assert that his own assumption that the tractor-trailer was stopped is correct.  The jury must determine which scenario they find to be supported by the evidence and weigh the conflicting expert testimony.  Hanscom's opinion testimony on the issue of braking time will not be excluded.

The Court notes that Hanscom has included an opinion on what actually occurred, as follows:

> Despite being adequately warned that the weigh station was open, Mr. Pruneda realized that he had missed its entrance ramp and stopped in an active travel lane.  Clearly Mr. Pruneda had significantly decelerated prior to the accident, yet he was not able to sufficiently slow down in order to take the off-ramp.  Mr. Pruneda denied "braking hard" in his deposition, yet the clear evidence is that he stopped after travelling [ ] only a short distance past the weigh station entrance.

(Defs. Mot. Ex. I, at 3, ECF No. 167-14.)  Although Hanscom may make factual assumptions in developing his opinions, a bald factual opinion of this type is

inadmissible. *See, e.g., United States v. Harvey*, No. 3:18-CR-132-DPJ-LRA, 2019 WL 4420518, at *3 (S.D. Miss. Sept. 16, 2019) ("Dr. Martinelli may not opine on what happened. The jurors are perfectly capable of forming their own opinions."). For this reason, Defendants' Motion will be granted to the extent that Hanscom's factual opinion will be excluded.

**IT IS THEREFORE ORDERED AND ADJUDGED** that is Defendants' [167] Motion to Exclude and/or Limit the Testimony of Plaintiffs' Experts Dr. Jerry Householder, Robert Kelly, and Fred Hanscom is **GRANTED** as to the factual opinion expressed by Fred Hanscom and **DENIED** in all other respects.

**SO ORDERED AND ADJUDGED** this the 12th day of December, 2019.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE